United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAX JOSEPH PLOG-HOROWITZ,

Defendant.

Case No.: 12-cr-00661 CW-1 (KAW)

ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

On May 17, 2013, the Court held a hearing on the Government's motion to detain Defendant Max Joseph Plog-Horowitz pending his supervised release violation hearing. Defendant was present and in custody, and represented by his attorney, Anne C. Beles. Assistant United States Attorney James Mann appeared on behalf of the Government. Probation Officer Emily Libby was also present. For the reasons explained below, the court orders that Defendant be detained.

On March 25, 2013, Defendant was sentenced to three years of probation following a conviction for false impersonation of a federal officer, a class E felony.

On May 16, 2013, Defendant's probation officer filed a petition alleging that Defendant violated the following conditions of his probation: that he not commit any state, federal, or local crime; that he use his true name and occupation at all times and not possess any false identification, credentials, badges, business cards, or other fraudulent items; and that he not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons. The petition alleged that during a search of Defendant's residence, the FBI found a loaded firearm in Defendant's bedroom; a Department of Defense Federal Police Officer Badge with Defendant's name and photo in his pants pocket; and a taser and a FN303 less-than-lethal riot gun.

Judge Wilken issued a no bail warrant for Defendant's arrest on May 16, 2013.

Since Defendant is charged with a supervised release violation, he has the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143.

At the hearing, Defendant did not explain why he was not a risk of flight or a danger to the community. Instead, he asked to be released because his wife is ill. He also indicated that he was having health problems due to anxiety. His wife's illness and his anxiety, while regrettable, do not reasonably assure the Court that he will appear in Court and not be a danger to the community. His possession of false identification shows that he is a risk of flight, and his possession of a loaded firearm, as well as other weapons, shows that he is a danger to the community. Defendant was sentenced for impersonating a federal officer only a few months ago, and he has allegedly already violated the terms of his supervised release by committing a similar crime. This shows that he is not amenable to supervision.

It should also be noted that Defendant previously requested to have his supervision transferred to Arkansas to be with his sick wife, but the request was denied by Judge Wilken because he had not been on supervised release long enough to permit such a modification. Defendant's pending supervised release violation, which may result in new charges being filed against him, demonstrates that the denial of his request was proper.

Therefore, the Court finds that Defendant has not shown by clear and convincing evidence that he is neither a risk of flight nor a danger to the community, or that he is amenable to supervision.

///
///
///

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 17, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE